UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELVON HAMMOND, | No. 2:19-cv-01578-TLN-EFB |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN, | |
| Respondent. | |

This matter is before the Court pursuant to Petitioner Delvon Hammond's ("Petitioner") Motion for Reconsideration of the Court's April 28, 2020 Order dismissing this case and declining to issue a certificate of appealability.  (ECF No. 10.)  For the reasons set forth below, Petitioner's motion is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, a California state prisoner proceeding *pro se*, initiated this Petition pursuant to 28 U.S.C. § 2254 on August 14, 2019.  (ECF No. 1.)  On March 19, 2020, the magistrate judge issued Findings and Recommendations to dismiss the Petition due to lack of jurisdiction because the Petition was a second or successive petition.  (ECF No. 7.)  Petitioner failed to file any objections to the Findings and Recommendations and on April 28, 2020, the Court adopted the Findings and Recommendations in full and dismissed the Petition.  (ECF No. 8.)  On May 18, 2020, Petitioner filed the instant Motion for Reconsideration.  (ECF No. 10.)

## II.     STANDARD OF LAW

The Court may grant reconsideration under either Federal Rule of Civil Procedure 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order.  *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Here, Petitioner's motion was filed within twenty-eight days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).  Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law."  *McDowell*, 197 F.3d at 1255.  Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been

/ / /

2

1  raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

2  F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

3  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:

4  (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment

5  rests; (2) if such motion is necessary to present newly discovered or previously unavailable

6  evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is

7  justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

8  **III.   ANALYSIS**

9  Petitioner fails to advance any argument that establishes he is entitled to relief under Rule

10  59(e).  Petitioner appears to argue reconsideration is appropriate and he should have been given

11  additional time to file a response as a matter of course, due to his *pro se* status.  (ECF No. 10 at

12  1.)  This argument is unavailing.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*pro se*

13  litigants are bound by the rules of procedure, even though pleadings are liberally construed in

14  their favor).  Furthermore, Petitioner does not present newly discovered evidence or argument

15  suggesting this matter should not have been dismissed or that a certificate of appealability should

16  issue.  Nor does he identify any change in circumstances or controlling law to warrant the

17  extraordinary relief he seeks.  *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.  Finally, the Court

18  has carefully reviewed the entire file, and still finds the Findings and Recommendations (ECF

19  No. 7) to be supported by the record and by proper analysis.  *See Burton v. Stewart*, 549 U.S. 147

20  (2007) (a court lacks jurisdiction to consider a second or successive petition); *Cooper v.

21  Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).  Accordingly, Petitioner's motion must be

22  denied.

23  **IV.   CONCLUSION**

24  For the reasons discussed herein, Petitioner's Motion for Reconsideration (ECF No. 10) is

25  hereby DENIED.

26  IT IS SO ORDERED.

27  DATED:  June 15, 2020

28

Troy L. Nunley
United States District Judge

3